UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ARCADIA AVIATION PHF, LLC,

       Plaintiff,

       - against -

AERO-SMITH, INC.

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 16, 2013
```

12 Civ. 6177 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

       Plaintiff Arcadia Aviation PHF, LLC ("Arcadia") initiated this breach of contract action against defendant Aero-Smith, Inc. ("Aero-Smith") on August 13, 2012.  On January 4, 2013, Aero-Smith moved to dismiss for lack of jurisdiction and improper venue.  Subsequently, Aero-Smith filed a supplemental motion to dismiss for failure to state a claim upon which relief may be granted.  For the reasons stated below, the Court denies Aero-Smith's motions.

## BACKGROUND

       According to the allegations in the Complaint, Arcadia, a Delaware company with its principal place of business in New York, provides various services in the aviation industry.  On March 30, 2011, Arcadia and Aero-Smith entered into a contract (the "Contract"), pursuant to which Arcadia was to provide "aircraft management, charter, and flight operations services" to Aero-Smith in exchange for monthly payments of $13,800.  (Compl. Ex. A. at 1.)  These services were to be provided in West Virginia, the site of Aero-Smith's operations center and maintenance hangar.  Arcadia asserts that it has fully performed all of its obligations under its contract with Aero-Smith.  Nevertheless, Aero-Smith has failed to pay Arcadia since October 11, 2011, the date on which its first payment was due.

1

DISCUSSION

## I. Personal Jurisdiction

Aero-Smith contends that the Court lacks personal jurisdiction.  The Contract contains a choice of law clause to apply the substantive law of Delaware for issues regarding its governance and construction (id. at ¶ 8), but it does not contain a forum selection clause and there is no mention of the parties consenting or limiting jurisdiction to any particular court or set of courts. Since Arcadia asserts that this Court has jurisdiction based upon the diversity of citizenship among the parties, "the issue of personal jurisdiction is governed by the law of the forum state." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006).  "Under New York law, jurisdiction over out-of-state defendants may be based on general jurisdiction under CPLR § 301 or long-arm jurisdiction under CPLR § 302" and Arcadia "carr[ies] the burden of demonstrating that jurisdiction exists."  Universal Trading & Inv. Co., Inc. v. Credit Suisse (Guernsey) Ltd., No. 12 Civ. 198, 2012 WL 6186598, at *2 (S.D.N.Y. Dec. 12, 2012).

"[B]ecause there has been no discovery in this case, Plaintiff 'need only make legally sufficient allegations of jurisdiction through its pleadings and affidavits in order to survive a motion to dismiss."  DLJ Mortg. Capital, Inc. v. Cameron Fin. Grp., Inc., No. 07 Civ. 3746, 2007 WL 4325893, at *2 (S.D.N.Y. Dec. 4, 2007) (quoting Treeline Inv. Partners, LP v. Koren, No. 07 Civ. 1964, 2007 WL 1933860, at *2 (S.D.N.Y. July 3, 2007)).  In determining whether Arcadia has made a sufficient showing, "the court is not obligated to draw 'argumentative inferences' in the plaintiff's favor.  But the pleadings and affidavits, and all doubts arising therefrom, are construed in the light most favorable to the plaintiff."  Carr-Stock v. Orthotic Rehabilitation Prods., Inc., 832 F. Supp. 2d 229, 234 (W.D.N.Y. 2011).

Though Arcadia does not explicitly state that Aero-Smith is subject to long-arm

jurisdiction, it does not address general jurisdiction.  Accordingly, the Court limits its analysis to

long-arm jurisdiction.  Pursuant to N.Y.C.P.L.R. § 302(a)(1), the Court may exercise jurisdiction

if Aero-Smith "transact[ed] any business within the state and if [Arcadia's] claim arises from

these business contacts," which requires a showing that Aero-Smith "purposely availed [itself] of

the privilege of conducting activities within New York and thereby invoked the benefits and

protections of its laws" based on "the totality of circumstances concerning [Aero-Smith's]

interactions with, and activities within, the state."  D.H. Blair, 462 F.3d at 104-05 (internal

quotations omitted).  The Second Circuit has provided a non-exhaustive list of factors that courts

may consider in this analysis, including:

> (i) Whether the defendant has an ongoing contractual relationship with a New
> York corporation; (ii) whether the contract was negotiated or executed in New
> York and whether, after executing a contract with a New York business, the
> defendant has visited New York for the purpose of meeting with parties to the
> contract regarding the relationship; (iii) what the choice-of-law clause is in any
> such contract; and (iv) whether the contract requires [parties] to send notices and
> payments into the forum state or subjects them to supervision by the corporation
> in the forum state.

Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2004) (quoting Agency Rent A Car Sys.,

Inc. v. Grant Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996)).

The Court finds five factors to be relevant in analyzing its jurisdiction over Arcadia.

First, Aero-Smith has an ongoing contractual relationship[1] with Arcadia, a company that

maintains its offices and conducts business in New York.  (Garrett Aff. ¶¶ 4, 13.)

Second, although Arcadia has offered contradictory statements regarding where the

Contract was negotiated (compare id. at ¶ 4 ("I personally negotiated the . . . contract either in

Virginia or in New York"), with id. at ¶ 13 ("Almost all of the negotiations . . . emanated from

---

[1] Although Aero-Smith contends that the Contract "remains incomplete and unenforceable," it acknowledges that
Arcadia "has alleged that [Arcadia] performed all it was required to do; and, for purposes of these motions only,
plaintiff's allegations are accepted as true."  (Def. Mem. of Law at 2.)

[Arcadia's] New York City office")), it is clear that the Contract was partly executed in New York, where it was signed by Arcadia.  (Id. at ¶ 14.)  Moreover, interpreting the Garrett affidavit in the light most favorable to Arcadia, the Court assumes that the negotiations took place at least partly in New York.  See DLJ Mortg. Capital, 2007 WL 4325893, at *5.

Third, Aero-Smith's president made occasional trips to New York "concerning the business" between Aero-Smith and Arcadia.  (Garrett Aff. ¶ 13.)

Fourth, the Contract required payments to be made both into and out of Arcadia's New York-based bank account.  (See id. at ¶¶ 6-7, 9; Compl. Ex. A. at ¶¶ 1, 3.)

Fifth, and finally, the Contract contained a choice of law clause electing to be governed and construed under Delaware law.  (Compl. Ex. A at ¶ 8.)

Four of the five factors militate in favor of finding that Arcadia transacted business in New York.  The existence of a choice of law clause, although "a significant factor in a personal jurisdiction analysis because the parties, by so choosing, invoke the benefits and protections of [a mutually agreed-upon state's] law," is not dispositive.  Sunward, 362 F.3d at 23; see also Matera v. Native Eyewear, Inc., 355 F. Supp. 2d 680, 685 (E.D.N.Y. 2005) ("Because the choice of law provisions 'have minimal jurisdictional implications,' the fact that the parties chose Pennsylvania law to govern this action is not dispositive of the issue of personal jurisdiction." (quoting Alan Lupton Assocs., Inc. v. Northeast Plastics, Inc., 482 N.Y.S.2d 647, 681 (App. Div. 1984))).  Indeed, it is noteworthy that the inclusion of a choice of law provision in a contract does not determine which state's substantive laws will govern all causes of action related to the contract, such as torts that arise incident to it.  See Krock v. Lipsay, 97 F.3d 640, 645 (2d Cir. 1996) (collecting cases).   A choice of law clause does not, therefore, invoke the benefits and protections of the chosen state's laws to the exclusion of all other states.

4

Accordingly, the Court finds that "the other <u>Sunward</u> factors and the totality of the circumstances justify exercising [personal] jurisdiction in this case." <u>DLJ Mortg. Capital</u>, 2007 WL 4325893, at *4.  Further, although Aero-Smith "does not argue the point, the Court notes that the exercise of personal jurisdiction here also satisfies the requirements of due process." <u>Id.</u> Defendant's motion to dismiss for lack of personal jurisdiction is therefore denied.

## II.  Venue

"[T]he proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature," 28 U.S.C. § 1391(a)(2), and includes "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  It is well established that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947).

"Courts making venue determinations in contract disputes have looked to such factors as 'where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.'" <u>Gulf Ins. Co. v. Glasbrenner</u>, 417 F.3d 353, 357 (2d Cir. 2005) (quoting <u>Matera</u>, 355 F. Supp. 2d at 686).  As discussed <u>supra</u>, the contract was negotiated and executed, in part, in New York; partial performance – Aero-Smith's payments to Arcadia - was to occur in New York; and a portion of the alleged breach – Aero-Smith's failure to make the requisite payments – occurred in New York.  Venue is therefore proper in this district. <u>Sea Tow Servs. Int'l, Inc. v. Pontin</u>, 472 F. Supp. 2d 349, 364 (E.D.N.Y. 2007); <u>DLJ Mortg. Capital</u>, 2007 WL 4325893, at *5.  Accordingly, Defendant's venue motion is denied.

## III. Failure To State A Claim Upon Which Relief May Be Granted

"Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12]

must not make another motion under [Rule 12] raising a defense . . . that was available to the party but omitted from its earlier motion." Fed. R. Civ. P 12(g)(2). Though a defendant may still defend itself by arguing that a plaintiff has failed to state a claim upon which relief can be granted after already having moved to dismiss a case under Rule 12, it may only do so in a "pleading allowed or ordered under Rule 7(a);[2] by a motion under Rule 12(c);[3] or at trial." Fed. R. Civ. P. 12(h)(2). None of these exceptions apply to Defendant's Supplemental Motion. Nor does the motion fall under the purview of Rule 12(h)(3), which addresses only motions regarding a court's lack of subject-matter jurisdiction. Accordingly, Defendant's Supplemental Motion is denied because Aero-Smith has waived its right to move for dismissal under Rule 12(b)(6) by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A); see also Jin-Jo v. JPMC Specialty Mortg. LLC, No. 08 Civ. 230, 2009 WL 2424344, *5 (W.D.N.Y. Aug. 5, 2009).

## CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss are DENIED. The parties are hereby ordered to submit a civil case management plan by August 16, 2013, and the Clerk of Court is directed to terminate the motions at docket numbers 7 and 16.

Dated: New York, New York
July 16, 2013
16

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[2] Rule 7(a) allows for the following pleadings: "a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and[,] if the court orders one, a reply to an answer."

[3] Rule 12(c) provides for motions for judgment on the pleadings.